UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SOUTH KINGSTOWN
SCHOOL COMMITTEE,
    Plaintiff

    v.                                    C.A. No. 13-127-ML

JOANNA S., as PARENT OF
P.J.S,
    Defendant

**MEMORANDUM AND ORDER**

    This case under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* was brought by the Plaintiff, the South Kingstown School Committee (the "School Committee"), seeking to appeal the Administrative Decision of an Impartial Due Process Hearing Officer (the "Hearing Officer") pursuant to 20 U.S.C. § 1415 *et seq*. The Defendant, Joanna S., is the mother of P.J., a disabled child for whom she sought, *inter alia*, private school placement at public expense and eight new evaluations of her child. Before any administrative proceedings related to her first due process complaint began, the parties entered into a settlement agreement (the "Settlement Agreement"). The Settlement Agreement provided that the School Committee would (1) pay for P.J.'s private school placement; and (2) perform four evaluations prior to such placement: educational, cognitive, speech and language, and occupational therapy.

    After P.J. was placed at the private school and had received

1

the four evaluations specified in the Settlement Agreement, Joanna S. sought ten new evaluations. The School Committee demurred and filed a due process complaint. In the course of the resulting administrative proceedings, the Hearing Officer concluded that the educational evaluation P.J. had received was not appropriate.[1] The Hearing Officer ordered the School Committee to pay for an additional occupational therapy evaluation and a psychoeducational evaluation. At that time, Joanna S. sought attorneys' fees of $36,675.

The School Committee appealed the Hearing Officer's Decision to this Court, but it did not challenge the determination that the educational evaluation was not appropriate. On cross-motions for summary judgment by the parties, this Court granted the School Committee's motion, concluding that the mandated occupational therapy evaluation was not supported by the administrative record, and that the psychoeducational evaluation was precluded by the terms of the Settlement Agreement. South Kingstown School Committee v. Joanna S., No. CA 13-127-ML, 2014 WL 197859 (D.R.I. Jan. 14, 2014). Although Joanna S. had previously sought attorneys' fees as a prevailing party in the administrative proceedings, neither party addressed the matter in the course of the summary judgment

---

[1] It appeared from the record of the case that P.J. reacted very negatively to being evaluated and that the educational evaluation had to be discontinued because it was so stressful on him.

2

proceedings[2].

Joanna S. appealed this Court's decision to the First Circuit Court of Appeals, which affirmed that (1) the occupational therapy evaluation performed by the School Committee was "appropriate;" and (2) the Settlement relieved the School Committee from funding the requested independent psychoeducational evaluation. South Kingstown School Committee v. Joanna S., 773 F.3d 344, 352, 355 (1st Cir. 2014). In addition, the First Circuit remanded the case to this Court for consideration whether Joanna S. was entitled to attorneys' fees based on her success at the administrative level "in securing yet a third evaluation, which the School Committee did not challenge in District Court and thus does not contest here." Id. at 346.

This matter is now before the Court on the objection (Dkt. No. 39) by Joanna S. to a Report and Recommendation ("R&R")(Dkt. No. 38) issued by United States Magistrate Judge Patricia A. Sullivan on March 30, 2015, in connection with Joanna's request for attorneys' fees incurred in all three levels of proceedings in the amount of $122,781.50 (Dkt. Nos. 32, 36). The Court has reviewed the R&R and Joanna S.'s objections thereto. In her R&R, the Magistrate Judge recommends that the Defendant's motion for

---

[2]

In the memorandum supporting her summary judgment motion, Joanna S. requested that the Court order "upon application, for reimbursement of attorneys' fees as a prevailing party." Def.'s Mem. at 21 (Dkt. No. 13-1).

3

attorneys' fees be granted, albeit at a reduced rate, to reimburse her for fees incurred solely in connection with the issue on which she prevailed at the administrative level, and which remained unchallenged by the School Committee thereafter.

Joanna S. has asserted no challenge to the Magistrate Judge's recommendation that she be awarded $18,337.50 for attorney's fees incurred at the administrative level, which constitutes half the amount she initially requested, reflecting that she prevailed only in part. However, Joanna S. takes objection to the Magistrate Judge's conclusion that Joanna S.'s efforts in this Court and in the subsequent appeal to the First Circuit were entirely unsuccessful and that, apart from $3,059.39 related to preparation of the fee application, she is not entitled to reimbursement of attorneys' fees as a prevailing party.[3]

This Court agrees with the Magistrate Judge's reasoning. Joanna S. prevailed on one discrete issue at the administrative level, which remained uncontested by the School Committee in proceedings before this Court and on appeal to the First Circuit. With respect to all other claims, she was not a prevailing party and no attorneys' fees are due her.

Accordingly, the Findings and Recommendation of Magistrate Judge Sullivan are accepted pursuant to Title 28 U.S.C. §

---

[3] The School Committee elected not to file a response to the R&R.

636(b)(1). The Defendant's motion for attorneys' fees is GRANTED, in part. Joanna S. is awarded the sum of $21,396.88.

SO ORDERED.

<u>/s/ Mary M. Lisi</u>

Mary M. Lisi
United States District Judge

April 27, 2015